Mason, J.
This is an action of contract and tort, in which the plaintiff seeks to recover under his amended declaration, filed September 21, 1940, under Count 1, the sum of two hundred fourteen dollars, which the plaintiff agreed to pay to the defendant as rental of space used for operating a photography business by the plaintiff, in the defendant’s amusement park. The plaintiff, claiming to be a minor, disclaimed his contract, and alleges the defendant owes him the sum of two hundred fourteen dollars, which he claimed to have paid.
The defendant’s answer is a general denial, and claims that the plaintiff, if under twenty-one years of age at the time he made payments under the contract, later validly ratified them, and further answered that the plaintiff was, in fact, acting as a straw, and agent for an undisclosed principal.
*151 The trial court having found in favor of the defendant on the count in tort, no question arises thereon.
The trial court found for the plaintiff on count one. The trial court made no further finding of fact, but the Report contains a full recital of evidence supporting the allegations in count one. No evidence is reported in support of the allegation of the answer as to ratification, or the allegation that the plaintiff was in fact acting as a straw, and agent for an undisclosed principal.
The writ was brought by the plaintiff by his next friend. The writ was dated August 31, 1940. The plaintiff became of age September 9, 1940, before the writ was entered in court.
The defendant made the following requests for rulings.
1. Upon the evidence and the pleadings, the court is warranted to find for the defendant.
2. The right to avoid his contract is given to the infant for his protection, and does not extend to a next friend of the infant, and on count 1, the court shall find an action, through a next friend, is an attempt by a next friend to avoid the infant’s contract, and find for the defendant.
These requests were refused.
Our attention has not been called to any evidence warranting a finding for the defendant. The first request for a ruling was properly denied.
It is in accordance with custom and law in this state that the rights of a minor should be enforced by an action brought in the name of the minor by his next friend. This was the course pursued in Gillis v. Goodwin, 180 Mass. 140, and in Knudson v. General Motorcycle Sales Co., Inc., 230 Mass. 54. In each of these cases a minor recovered money paid for a machine found not to be a necessary.
*152 . This is not an attempt by a third party to exercise a right personal to a minor. The next friend is not a party to the suit. When the minor became of age the next friend’s authority over the suit ceased, and the action was thereafter carried on by the plaintiff personally and without interference. We find a clear statement of this principle in Slafter v. Savage, 89 Vt. 352; 95 Atlantic 790. There it is said:
“In August, 1904, Edmund became of age, and the agency of the next friend ceased automatically. There was no change of parties for the next friend is not regarded as a party for any purpose, but only as a manager or conductor of the suit, whether in law or in equity, during the minority of the one for whom he acts.”
We'find no prejudicial error and the report must be dismissed.